IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MYERS CONTROLLED POWER, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-cv-5427 |
| | ) | Honorable Charles R. Norgle, Sr |
| FIDELITY AND DEPOSIT COMPANY | ) | |
| OF MARYLAND and ZURICH | ) | |
| AMERICAN INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION TO DISMISS PLAINTIFF'S COUNT II WITH PREJUDICE
PURSUANT TO RULE 41
AND FOR ENTRY OF FINAL JUDGMENT**

NOW COME Plaintiff, Myers Controlled Power, LLC ("Myers") by and through its attorneys, and pursuant to Federal Rules of Civil Procedure 41 and 58, move for dismissal of its Count II of the Complaint with Prejudice, and for Entry of Final Judgment on Count I, and state as follows:

**BACKGROUND**

1. On August 8, 2018, Plaintiff Myers Controlled Power, LLC initiated this action against Fidelity and Deposit Company of Maryland ("Fidelity") and Zurich American Insurance Company ("Zurich"). The Complaint was in two counts, Count One of the Complaint was a contract claim under the payment bond issued jointly by Defendants for $2,107,039.86, plus pre-judgment interest, and Count II was a claim for insurance "bad faith."

2. On June 6, 2019, Myers filed a summary judgment motion and supporting memorandum for liability and damages and Rule 56.1 Statement on Count I of its Complaint (Docket # 22). Myers specifically sought a judgment in the amount of $2,107,039.86, plus pre

1

judgment interest, jointly and severally, against both Defendants as a specific liquidated amount owed under the construction payment bond.

3. Plaintiff's motion for summary judgment on Count I had specifically stated that "[u]nder common law principles, the Defendants' secondary guarantee under the payment bond is now revived and the Defendants owe this amount to Myers under the payment bond." (Docket #22, ¶6).

4. On July 10, 2019, Fidelity and Zurich filed for summary judgment in their favor on Count I of the Complaint (Docket # 31). Defendants' only argument was that this lawsuit was untimely.

5. On June 17, 2020, this Court issued its Order granting Plaintiff's summary judgment on Count I *in total*, and denying Defendants motion for summary judgment. (Attached as Exhibit 1 is a copy of the June 17, 2020 Order).

6. The June 17, 2020 Order also held that Myers was also owed Illinois Prejudgment Interest under 815 ILCS 205/2 from the date of the filing of the Complaint (August 9, 2018) through the date of the Order (June 17, 2020). The June 17, 2020 Order also requested a status by August 3, 2020. This motion shall substitute for the status as it completely resolves this case.

### **PLAINTIFF'S DISMISSAL OF COUNT II PURSUANT TO RULE 41**

7. Plaintiff Myers Controlled Power, LLC now dismisses Count II the "bad faith" insurance claim with prejudice by Court Order pursuant to Rule 41(a)(2). Thus, leaving nothing else for the Court to substantively determine in this lawsuit, the Court can now enter a Final Judgment Order pursuant to Rule 58(b)(2) to completely dispose of the case.

## CONTENTS OF FINAL JUDGMENT ORDER

8. As per the June 17, 2020 Order, judgment in favor of Plaintiff Myers Controlled Power, LLC should be entered against Fidelity and Deposit Company of Maryland ("Fidelity") and Zurich American Insurance Company ("Zurich"), jointly and severally, in the amount of $2,107,039.86 as requested in Myers' Summary Judgment Motion and its supporting Memorandum (Order, pg. 1)(See also, Docket #23, Meyers' Memorandum, pg. 16, "This court should enter judgment against Defendants jointly and severally for the $2,107,039.86, plus the interest that must be paid under the bankruptcy judgment.").

9. As per the June 17, 2020 Order, pre-judgment interest under 815 ILCS 205/2 in the amount of 5% annually was also awarded by the Court for the period of August 9, 2018 (the filing of the Complaint) through June 17, 2020 (the date of the Order)(Order pg. 11). This mathematical calculation results in an additional award of $195,694.94 in prejudgment interest as follows.

10. $2,107,039.86 x 5%= $105,351.99 in yearly interest. $105,351.99 ÷ 365 days, results in a daily interest rate of $288.64. The period of August 9, 2018 through June 17, 2020 is a period of 678 days. Thus the total prejudgment interest owed for a period of 678 days for $288.64 per day is $195,694.94 (678 x $288.64).

11. The principal amount and interest results in a final judgment in the amount of **$2,302,734.80.**

12. On June 23, 2020, Myers sent Fidelity's counsel a draft copy of the motion and final judgment order. Fidelity has neither agreed nor disagreed concerning the form of this order (Attached as Exhibit 2 is a copy of email attaching the drafts).

13. Plaintiff acknowledge in filing this motion that Defendants will still specifically reserve and retain their right to appeal the final judgment once entered in this matter, based on any

contested matters, including but not limited to the June 17, 2020 Order and the Final Judgment Order. See, e.g., *Downey v. State Farm Fire & Cas. Co.,* 266 F.3d 675, 682-83 (7th Cir. 2001) (holding that, "[f]or jurisdictional purposes [on appeal,] there is no distinction between 'consent' and 'adversarial' judgments," that "any party can appeal as of right from a final decision adverse to his interests," and that, where a party consents to a judgment but reserves its right to appeal, "the right to appeal avoids waiver of contested issues that had been resolved earlier in the litigation").

14. Plaintiff submits the following Proposed Final Judgment Order with this motion, and also submits the proposed order through the Court's proposed order email address at: Eric_Fulbright@ilnd.uscourts.gov (Attached as Exhibit 3 is a copy of the Proposed Final Judgment Order).

15. Pursuant to the Fifth Amended General Order 20-0012, ¶¶ 10, 11 of this District, (suspending Local Rule 5.2(f) and 5.3(b)), this motion will not be noticed for presentment and a courtesy paper copy will not be provided. However, a courtesy email copy will be provided to Eric_Fulbright@ilnd.uscourts.gov.

Respectfully submitted:

               MYERS CONTROLLED POWER, LLC
                 By:s/Craig G. Penrose
                 One of Its Attorneys

Craig G. Penrose
LAURIE & BRENNAN, LLP
2 North Riverside Plaza, Suite 1750
Chicago, Illinois 60606
(312) 234-0305 cpenrose@lauriebrennan.com;

Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

I, Craig G. Penrose, hereby certify that on August 3, 2020, I electronically filed, with the Clerk of the Court using the CM/ECF system **Plaintiff's Motion for Dismissal of Count II and for Entry of Final Judgment** which will send e-mail notification of such filing to the below listed counsel.

Thomas Cronin
Courtney Nichol
Gordon & Rees
One North Franklin
Suite 800
Chicago, IL 60606
Phone: (312) 565-1400
Fax: (312) 565-6511
tcronin@grsm.com
cnichol@grsm.com


    s/Craig G. Penrose
    Craig G. Penrose